JOSEPH ANTONELLI, PLAINTIFF-APPELLANT, v. BOARD OF COMMISSIONERS OF THE CITY OF NEWARK, DEFENDANT-RESPONDENT.

Submitted May 5, 1942—Decided July 10, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the plaintiff-appellant, *Maurice Schapira.*

For the defendant-respondent, *Raymond Schroeder* (*Thomas M. Kane,* of counsel).

The opinion of the court was delivered by

PORTER, J. This appeal is from a judgment for the defendant entered in the Essex County Circuit Court by Judge Joseph L. Smith who tried the case sitting without a jury on facts which were stipulated.

The plaintiff had been employed by the City of Newark for many years and his action was to recover a pension he claimed to be entitled to under the provisions of *N. J. S. A.* 43:12-1. That statute provides a pension of one-half the amount of salary a city employee was receiving upon his retirement after he had "been continuously in the employ of any City for a period of twenty-five years and has reached the age of seventy years  *  *  *." It appears that plaintiff had been employed as a laborer by the City as follows: Water Division, August 3d, 1904, to October 26th, 1922, Bureau of Streets, October 26th, 1922, to February 23d,

1923, Bureau of Streets, April 5th, 1923, to December 20th, 1924, Bureau of Streets, March 2d, 1925, to August 13th, 1925, Water Department, September 9th, 1925, to December 1st, 1926, Bureau of Streets, March 18th, 1927, to August 3d, 1927, Bureau of Street Cleaning, August 10th, 1927, to January 17th, 1933. The stipulation further shows that he was laid off in the different divisions on the dates indicated because of the lack of work or insufficient funds, and was then subsequently rehired when there was need for his services, in the same division or in another division as the schedule shows on the dates indicated. He voluntarily quit the employment on January 17th, 1933, at which time he was over 70 years of age.

The appellant argues two points, first, that under the fact stipulation the court's legal conclusion was erroneous, that is, that the plaintiff had not as a matter of law been continuously employed for a period of twenty-five years. This conclusion, however, we consider correct. The statute is plain and unambiguous and called for the continuity of service for the statutory period. Under the admitted facts the service was not continuous.

Under the second point, that appellant had continuous employment for the required period as a matter of law, the contention is that he was employed from August 3d, 1904, until January 17th, 1933, except for certain periods of varying length when he was not actually at work because of lack of work or insufficient funds but was rehired when needed and funds were available and that the relation of employer and employee was continuous he not being otherwise employed during those periods of lay off. We are unable to agree that the employment was a continuous one within the meaning of the statute. There were several breaks in the continuity of the employment during which time he was in no sense an employee of the City. He did no work nor was he on the payroll during those periods. The fact that his enforced lay offs were due to no fault of his and that he took no other employment meanwhile does not alter the situation.

In construing the language of a statute the usual and accepted meaning of the words must be applied. The defini-

tion of the word "continuous" as given by Funk and Wagnalls Co. Standard Dictionary is "Connected, extended or prolonged without separation or interruption of sequence; unbroken; uninterrupted; unintermitted." Tested by this definition which we think is the usually accepted one the appellant's employment was not continuous.

The judgment will be affirmed.